# January Term, 1920

## No. 8277.

### MILLER *v.* WESTON.

1. JURISDICTION—*When and How Questioned.* Where jurisdiction depends upon a question of fact the question must be presented in apt time and by some recognized proceeding.

2. WILL—*Contest—Mental Incompetency.* The mere fact that the testator in disposing of his estate believes that one whom he has for years treated and recognized as a son is not legitimate, does not justify the conclusion of mental incompetency.

3. PERPETUITIES—*Rule Against Violated.* The will constituted parties named, executors thereof, and "trustees of my property, and all rights and credits to whom on the admission of this will to probate the title of my said property shall go." *Held* that inasmuch as the will might never be admitted to probate this clause postponing the vesting of the title until that event, was a violation of the rule against perpetuities.

The position of the Court of Appeals, 25 Colo. App. 231, disapproved.

The announcement of the Court of Appeals that a presumption should obtain that the will must be admitted to probate in reasonable time, rejected, as substituting probability for certainty.

4. ——*Will Construed.* *Held* that notwithstanding the invalidity of the demise to the executors, the will, by virtue of a subsequent paragraph, might be carried out completely, and it was the duty of the court to proceed accordingly.

A power of disposition without title is sufficient. The heirs take a fee, determinable upon conveyance by the executors; and the provision for distribution of the proceeds by the words "I give and bequeath," confers a present fixed right to future enjoyment.

A clause directing the sale of testator's property and the payment of prescribed legacies "as soon after my decease as may reasonably be practicable," etc., held to overrule recommendation of the ·testator that specific bequests be paid over, "as soon after the admission· of this will to probate as may be possible."

5. TESTAMENTARY TRUSTEES—*When Title Vests*, upon the death of the testator, if no postponement is provided for in the will.

### *Error to the Court of Appeals.*

*En Banc.*

Mr. JOHN T. BOTTOM, Mr. EDWARD C. STIMSON, Mr. J. W. MCCREERY, Mr. PAGE M. BRERETON, for plaintiff in error.

MR. G. K. HARTENSTEIN, Mr. H. S. MCGINNIS, Mr. M. I. O'MAILIA, for defendants in error.

Mr. Justice Denison delivered the opinion of the court.

THIS case is on writ of error to the Court of Appeals, (*Miller v. Weston*, 25 Colo. App. 231, 138 Pac. 424). That court affirmed the judgment of the District Court of Park County, which, on appeal from the County Court, directed a verdict in favor of proponents of the will of David F. Miller, which had been admitted to probate in the County Court. The case was brought here on error and affirmed, (61 Colo. 588), a rehearing was granted and the case has been reargued orally, with additional briefs.

The contestant, plaintiff in error, makes three principal points: 1. The County Court, and therefore the District Court, had no jurisdiction. 2. The testator acted under an insane delusion that George A. was not his son. 3. The will is void under the rule against perpetuities.

1.  In the District Court the contestant moved for a change of venue. The only ground for the motion which we consider, was that at his death the testator resided in Denver, and it is claimed that, therefore, under section 7102 R. S. 1908, quoted in the opinion of the Court of Appeals, the County Court of Park County had no jurisdiction; and it is argued that, because, in the District Court, the affidavit of the contestant upon this motion that the testator was a resident of Denver was the only evidence upon that subject before that court, the court was bound to take it as true and lost jurisdiction thereupon.

While some of the reasoning of the Court of Appeals may, perhaps, be questioned, we agree with that court that this point should have been raised in the County Court. The County Court had evidence before it as to the residence of the testator, and assumed jurisdiction upon that evidence; and, since the contestant did not put that point in issue in the County Court, it was conclusively determined against him. In thus holding we are not holding that jurisdiction of the subject matter may be conferred by consent or acquiescence, but that where jurisdiction depends upon a question of fact, it must be taken advantage of in apt time and in the right manner.

It should be noticed that the County Court takes jurisdiction not only of the contest of the will, but of the execution of it in case it is probated, and of the administration of the estate in case the will is rejected. Nothing was appealed to the District Court but the contest of the will. To grant a change of the venue in that alone would involve the necessity of leaving the execution of the will or the administration of the estate in the County Court, while transferring the contest on the ground that that same County Court had no jurisdiction of it. We do not decide whether a motion for a change of venue was the right way to raise this question of jurisdiction

2.  On the question of insanity we agree with the Court of Appeals and with the District Court. If the jury, upon the evidence in the record, had found in favor of the con-

testant the court would have been obliged to set aside the
verdict. The mere fact that the testator believed the con-
testant was not his son is not sufficient to justify the con-
clusion of mental incompetency, even though for years he
treated and recognized him as a son.

3. · The second paragraph of said will is as follows:

"I hereby constitute William E. Weston and I. S. Smith
of Fairplay, Colorado, and either of them, should the other
be dead, or refuse to act, executors of this will and trus-
tees of my property, real and personal, and all rights and
credits, to whom, on the admission of this will to probate,
the title and ownership of my said property rights and cred-
its shall go, in trust, however, for the realization of said
rights and credits and the conversion into money of said
real estate and personal property according to their best
ability and judgment under the supervision of the court
of probate, and for the distribution of all the proceeds,
after paying my funeral expenses and my debts as above
directed as well as all expenses of administration, includ-
ing full compensation to my said executors, as next here-
inafter stated."

The testator then proceeds to make various bequests of
money, with a residuary clause distributing the remainder,
if any, among certain legatees.

The 14th paragraph of the will is as follows:

"It is my will that as soon after my decease as rea-
sonably may be practicable without material sacrifice of
the value of my estate, that my executors sell and convert
into money the lands and other assets of my estate at least
to the extent that may be sufficient to pay off the money
bequests of this will, and that complete execution and dis-
charge of the power and trust to realize into money the
assets of my estate and fully to distribute the funds thus
realized be performed as early as may be done consistently
with fair money returns from said estate, my recommenda-
tion being that the estate be fully administered and dis-
tributed within two years after the admission of this will
to probate, unless the court of probate sanction a longer

continuance of the administration, except in respect to the trusts for the beneficiaries who shall then be minors, provided these trusts or any of them remain undischarged meanwhile in accordance with the provisions contained in paragraph 13 of this instrument, but I recommend that the specific bequests, that is, those expressly and primarily provided for, not affecting the *residuum* of the estate, be paid over to the parties respectively entitled thereto as soon after the admission of this will to probate as may be possible consistently with the practice of the court in such matters and ordinary business prudence."

There was a codicil, not material to present considerations. Paragraph 2 violates the rule against perpetuities, because the clause "on the admission of this will to probate" postpones the vesting of the title and ownership in the executors until the probate of the will, which may never happen. *Johnson v. Preston,* 226 Ill. 447, 80 N. E. 1001, 10 L. R. A. (N. S.) 564.

It is said in the opinion of the Court of Appeals and in argument that the expression in paragraph 2, "to whom on the admission of this will to probate the title and ownership of my said property rights and credits shall go" shows an intention merely to conform to the provisions of the statute concerning probate, and not to postpone the vesting of the title until the probate of the will. This reasoning resembles that in *Belfield v. Booth,* 63 Conn. 299, 27 Atl. 585, a case keenly criticised by the highest American authority on perpetuities; Gray on Perp., sec. 214. We do not think the position of the Court of Appeals can be sustained. The words are capable of no construction but that the fee should vest on the admission of the will to probate and not before.

It is also urged that the trustees would not take the title in any event until after the probating of the will. This is a mistake. If there were no expression of postponement the title by will would vest upon the death of the testator. The Probate Court, in admitting the will to probate, establishes by adjudication that the will was valid at its incep-

tion and took effect at the death, but such adjudication does not make it valid nor give it any force which it has not already. The will in this respect is like a deed which is attacked and adjudged to be valid,—such deed always was valid. The judgment declares it to be so and to have been so. Nor do we think that the Court of Appeals is correct in the statement that "The presumption should obtain that if valid the will will be admitted to probate in a reasonable time and well within the period of some life in being and twenty-one years thereafter." Such a presumption if based on the theory that the probate is so likely to take place that it may be regarded as a certainty, substitutes probability for certainty and leaves the measure of uncertainty sufficient to evoke the action of the rule to the determination of the court or jury; and, if based upon the theory that the probate is required by law to be made, necessitates the premise that an estate may be limited upon the happening of anything that is required by law; for example, when Smith testifies to the truth or when Jones pays his debts. See Gray on Perp., Sec. 214. In other words, the rule against perpetuities is no rule at all unless the condition required to satisfy it is absolutely certain to take place within lives in being plus twenty-one years, which doubtless is the reason why it has stood so rigidly in that form.

The devise, then, to the executors is void and they take no title; if, however, we omit this devise entirely and treat the will as if it had never been in it, the will still, by virtue of the power granted in the 14th paragraph, may be carried out completely. It is our duty then, to erase the devise to the trustees and proceed with the will as if it were not there, and thus carry out the intention of the testator, without the violation of the rule against perpetuities. *Johnson v. Preston, supra; Henderson v. Henderson,* 113 N. Y. 1, 20 N. E. 814. See also *Armstrong v. Barber,* 239 Ill. 389, 64 Am. St. 634, 88 N. E. 246. Note 64 Am. St. Rep. 634, 643 and *Chilcott v. Hart,* 23 Colo. 40, 45, 50, 45 Pac. 391, 35 L. R. A. 41. In other words, it is not necessary, to completely carry out the manifest intention of this tes-

tator, that the executors should ever have any title. A power, without title, which is granted by the 14th paragraph, is sufficient. On the death of the testator the fee goes to the heirs, determinable upon conveyance by the executor. *Ebey v. Adams,* 135 Ill. 80, 83, 25 N. E. 1013, 10 L. R. A. 162.

A vested right to a share in the proceeds goes at once to each legatee by virtue of the words "I give and bequeath," which are used in each bequest and which confer "a present fixed right to future enjoyment" (40 Cyc. 198, Note 93) the possession and enjoyment but not the right being postponed until the executors are able to execute the will. *Chandler v. Dinkle,* 4 Watts. 143.

It is the *method* of distribution—i. e. through an invalid title, and not the scheme of the distribution itself which is faulty. The whole conveyance of title to trustees might be "stricken from the will without impairing its integrity, as a whole, or affecting the general scheme of the testamentary disposition, or interfering with or defeating the evident general intent of the testator." See 23 Colo. 50, 45 Pac. 395, 35 L. R. A. 41.

It is urged that the legacies themselves violate the rule, because they are postponed to "as soon after the admission of this will to probate as may be possible." Not so. The 14th clause of the will directs the sale of property and the payment of the legacies "as soon after my *decease* as reasonably may be practicable without material sacrifice of the value of my estate." There is here no postponement, not even to await the title which the testator thought he had conferred upon his executors in the second clause. All the legacies are due at once upon the testator's death.

It is claimed that the provision that the sale must be "according to the best judgment of the trustees" offends the rule against perpetuities, because the trustees may not determine to sell before twenty-one years after the death of the testator. We think that *Brandenburgh v. Thorndike,* 139 Mass. 102, 28 N. E. 575, refutes counsel's proposition upon that point. Gray on Perp., Sec. 214, 214c.

The judgment of the Court of Appeals should be affirmed, and the cause remanded to the District Court of Park County, which is directed to instruct the County Court of Park County to proceed in accordance with this opinion.

Decision *en banc.*              *Judgment affirmed.*

Mr. Justice Bailey not participating. Allen, J., dissents.

### On Motion for Rehearing.

Denison, J.

Counsel again urge that upon the record it appears the court below had no jurisdiction because the testator is not shown to have died a resident of Park County.

We have examined the evidence in both the abstract and the record with great care, and it shows beyond question that the testator was a resident of Park County at his death.

Motion for rehearing denied.

Bailey, J., not participating. Allen, J., dissenting.