No. 9781.

BADGER *v.* BADGER.

Decided February 7, 1921.   Rehearing denied April 4, 1921.

Action by wife for separate maintenance and custody of minor children. Judgment for plaintiff.

*Affirmed.*

1. HUSBAND AND WIFE—*Separate Maintenance.* In an action by a wife for separate maintenance, evidence to the effect that her husband left her for many months, during which period he only gave her $35, justified an order that he contribute to her support.

2.    *Support of Children.* In an action for separate maintenance
      where an allowance is made by the court for the support of the
      wife and children in connection with the part of the decree
      giving her their custody, it is not necessary that the order
      specify the part to be paid for the support of the children.

3. CHILDREN—*Care and Custody of—Support.* When a court finds
      upon the question of custody of minor children that their best
      interest requires them to be left with the mother, it is proper
      to order the husband to pay for their maintenance.

4. JURISDICTION—*Domicile.* Where it appeared that a family had es-
      tablished a residence in Colorado, the fact that the husband
      with the children left that state for Missouri after being served
      with process in a suit for separate maintenance by the wife,
      would not divest the Colorado court of jurisdiction.

      The question of residence is for the trial court, if it be neces-
      sary, to determine jurisdiction.

      Every sovereignty exercises the right to determine the status
      of persons found within its jurisdiction, and if defendant's domi-
      cile had in fact been in Missouri, the court did not err in
      assuming jurisdiction of the cause.

5. HUSBAND AND WIFE—*Separate Maintenance.* Evidence of the wife's
      need of support and of the husband's ability to provide it is
      all that is required to authorize an order for her maintenance.

6. CHILDREN—*Custody of.* Where a trial court finds it to be for the
      best interest of minor children to be left in the custody of the
      mother, that is a proper reason for determining the question in
      her favor.

*Error to the District Court of Weld County, Hon. Robert G.
Strong, Judge.*

Mr. H. N. HAYNES, for plaintiff in error.

Mr. CHARLES E. SOUTHARD, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, the wife of plaintiff in error, began
an action in the District Court of Weld County against
plaintiff in error for separate maintenance and the custody
of their three minor children. In connection with the ac-
tion the plaintiff therein obtained an *ex parte* order re-
straining the defendant from leaving the jurisdiction of

the court, and from taking the children away. Said order and the summons and a copy of the complaint were served upon the defendant on July 8, 1918, and on that day defendant with the three children left the state.

On August 24, 1918, the default of defendant was entered, and the court proceeded to hear the cause. The court found in favor of the plaintiff, and entered a decree awarding the custody of the children to her, and requiring defendant to pay $100 a month for the support of the plaintiff and the children.

Defendant brings error, and alleges that the court acted without jurisdiction; that the complaint does not state a cause of action, and that the findings are not supported by the allegations of the complaint, or the evidence introduced upon the trial. All the assigned errors may be discussed under these headings. We are not furnished with specific objections to the complaint, and are of the opinion that it states a cause of action.

Counsel urges that the restraining order was void because signed on Sunday, but inasmuch as his client ignored it, and the defendant in error claims nothing under it, we need not consider its validity.

As to the findings it is sufficient to say that there was evidence that the defendant had left his wife, for many months, with her father, at a time when she required nursing and medical attendance, and during said period had contributed but $35 to her support. This would seem to justify the court in considering it necessary, on the petition of the plaintiff, to order the husband to contribute to her support.

It is further objected that the sum fixed did not segregate a part to be paid for the support of the children. If that is important a correction can readily be obtained by motion in the trial court. It is true, as counsel states, that the plaintiff has not been shown to have been "burdened with the care of the children," but the allowance is made in connection with that part of the decree which gives her their custody.

It is further urged that the finding is that defendant had

neglected to make provision for the plaintiff and the children. It is said the evidence is to the effect that he had supported the children. The finding, being in the conjunctive, is not contrary to the evidence, as he had not contributed to the joint support of the persons named. In any event, the finding as to the support or nonsupport of the children is unnecessary, because, upon the question of the right to custody of the children, in their best interest, the finding was in favor of the plaintiff. When the court had so found it had full authority to direct defendant to pay for their maintenance.

The objection to the jurisdiction is based upon a claim that the defendant's domicile was in the state of Missouri, and that his domicile was the domicile of the children. We find nothing in the record to support this claim. When the defendant was served with process, the entire family was in Weld County, the plaintiff and the children having resided there continuously since the preceding Christmas, and the defendant returning to Greeley from time to time. He was a civil engineer whose home was originally, at least, in Greeley, and the evidence discloses that in the practice of his profession he changed his location or abiding place as his work required. The plaintiff testified that in fourteen years, she had lived in thirteen different places. The only evidence in reference to Missouri, is that defendant told plaintiff that he intended to set up housekeeping in that state, and take the children there with him. The evidence shows that after leaving Weld County in pursuit of his work, the defendant and his wife frequently returned to Greeley from absences caused either by her sickness or his business. There is nothing to show that he ever established or claimed a domicile elsewhere than in Weld County. That county was therefore the proper place for the bringing of the action, and when service was had the court had jurisdiction to proceed, regardless of defendant's leaving the state with the children. It cannot be seriously maintained that by departing from the state he ousted the court of jurisdiction which had attached. The question of residence

was one of fact to be determined by the trial court, if it were necessary in determining the jurisdiction.

But regardless of that question, we are of the opinion that, under the authorities, the court had jurisdiction of the subject matter of the cause, as it certainly had of the parties.

Counsel for defendant in error cite several authorities holding that the laws of a state may be invoked for the benefit of the resident of another state to protect his rights either against a citizen of the state in question, or of another state; and that the question presented for adjudication, in such cause will be determined according to the laws of the state in which the action is pending. This applies, of course, only in case a nonresident defendant is voluntarily within the state, and made the subject of an action. These holdings are clearly in accord with the principle that every sovereignty exercises the right of determining the status of persons found within its jurisdiction. It follows that though the defendant's domicile had in fact been in Missouri, the court did not err in assuming jurisdiction of the cause.

There is evidence of the plaintiff's need of support and of the defendant's ability to provide it, and that is all that is required to authorize the order.

In the briefs, references are made to matters not in the record, and they are used as foundations for arguments, but we cannot consider them. Nor do we think that if they were in the record they would furnish any ground for reversing this judgment. Neither need we consider the domestic differences of the parties, or of their respective fitness to have the custody of the children. The trial court found that it was for the best interest of the children that the mother have the custody of them. That is a proper reason for determining the question in her favor.

Finding no error in the record, the judgment is affirmed.

CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.