## No. 11,730.

### ISHAM v. MILLER, SHERIFF, ET AL.

Decided December 27, 1926.   Rehearing denied January 24, 1927.

On petition for writ of habeas corpus.   Judgment for respondents.

*Affirmed.*

1.   COURTS—*Jurisdiction—Residence.*   On the question of the residence of a defendant, a determination on facts presented to the trial court, is conclusive.

2.   STATUTES—*Construction—Residence.*   In a lunacy proceeding, defendant's residence was in Adams county, he was taken into custody in Denver county; held, that under the provisions of C. L. § 551, he must be considered as having been in the county of his residence, although not physically there when taken into custody.

3.   HABEAS CORPUS—*Jurisdiction—Fact Findings.*   Findings of a court upon a question of fact cannot be questioned in a habeas corpus proceeding in another court, even though the first court's jurisdiction depends upon that fact.

4.   COURTS—*Jurisdiction.*   Whenever jurisdiction of a court depends upon a question of fact, that court may try the question.

5.   ˌ *Jurisdiction—Lunacy Proceedings—Process.*   In a lunacy proceeding, the contention that process of the county court for detention of defendant could not run to another county, overruled.

*On Rehearing.*

6.   APPEAL AND ERROR—*Appellate Practice—Rehearing.*   New questions cannot be raised in a motion for rehearing.

7.   LUNATICS—*Jurisdiction—Procedure.*   A county court having jurisdiction of the subject matter in lunacy proceedings, a defendant being taken into custody under court process may be legally held "in a hospital or some other convenient or suitable place" pending a hearing.

8.   *Confinement.*   Whether or not the psychopathic hospital is a lawful place of detention for an alleged insane person pending a hearing, mentioned, but not determined.

*Error to the District Court of the City and County of
Denver, Hon. Charles C. Sackmann, Judge.*

Mr. Fred S. Caldwell, Mr. John T. Bottom, for plaintiff in error.

Mr. Harry S. Class, Mr. Harry Behm, Mr. R. F. Ryan, for defendants in error.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

The petitioner was remanded and brings error.

Isham was arrested in Denver on process from the county court of Adams county, taken to the latter county and tried there for lunacy. He was found insane and committed to the Colorado Psychopathic Hospital.

His point here is that the county court of Adams county had no jurisdiction, because he was not a resident nor found in that county. It appears, however, that the question of his place of residence was raised and determined by the county court which found that he was a resident of Adams county. This finding is conclusive on that point. 15 C. J. 734. *Sibley v. Waffle,* 16 N. Y. 180, 186, 188. It is not questioned, however, that he was taken into custody in Denver, on a writ from Adams county.

The pertinent statute is C. L. § 551. It provides that "wherever any reputable person shall file with any county court, * * * a duly verified complaint, alleging that any person *in said county*" is insane, that court shall order him into custody, try him and if found insane commit him.

The first question for us, therefore, is whether anyone resident in a county may be said to be "in the county," though not physically there when taken into custody. We do not think that can be decided in the

negative. We think he is in the county who is either a resident or actually found and taken into custody therein. Such a construction seems necessary to carry out the obvious purpose of this statute which is to protect the public from the insane, and the insane man from himself and from designing persons, and to cure him if possible. The case of *State ex rel. Roberts v. Hense,* 135 Minn. 99, 160 N. W. 198, is to the contrary, but we cannot agree with it. In the present case the evidence before the county court was that while insane he had departed from the county of Adams, where he resided and where his wife remained. We do not think the county court of Adams county could thereby be deprived of jurisdiction.

It is urged that it was shown in the district court that the petitioner's domicile was Denver, but the findings of a court upon a question of fact, cannot be questioned in a habeas corpus proceeding in another court, even though the first court's jurisdiction depends on that fact, because thereby the court before which the habeas corpus is pending would be merely reviewing the judgment of the first court. The cases are so numerous upon this point that it is not necessary to cite them. One is *People v. District Court,* 22 Colo. 422, 45 Pac. 402.

Wherever jurisdiction of a court depends upon a question of fact, that court may try that question. *Sibley v. Waffle, supra.* See also *Miller v. Weston,* 67 Colo. 534, 189 Pac. 610; *Stacks v. Industrial Commission,* 65 Colo. 20, 23, 174 Pac. 588; *Badger v. Badger,* 69 Colo. 564, 196 Pac. 861. If the statute (C. L. § 551) did not confer jurisdiction on the county court upon the facts found by that court, questions would have arisen which, though argued, we do not think are now before us.

It is claimed that the process of the county court could not run to Denver, but in civil and criminal matters it is constantly so exercised, and we see no reason why not also in a lunacy matter.

The judgment of the district court is affirmed.

MR. JUSTICE BURKE sitting as chief justice.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS not participating.

## On Rehearing.

MR. JUSTICE DENISON.

THE motion for rehearing says that we misapprehended the case by supposing that Isham had been tried for lunacy in the county court of Adams county, and his residence in Adams county is thereby determined. It now appears that he was not tried there, but the situation of the case is not altered because it appears that upon the preliminary writ he was ordered held at the psychopathic department of the Colorado General Hospital in Denver; that upon a motion to quash for want of jurisdiction he presented his own affidavit that he for a long time past had been a resident of Denver. The affidavit of his wife contradicted this and presented evidential matters in some detail, tending strongly to refute it. In denying the motion to quash, the court must have found the fact that he was a resident of Adams county. The effect, then, of the writ of habeas corpus would be to review that finding of the county court. We cannot see that such a course would be right. We still think that the county court has jurisdiction if the residence of the alleged lunatic is in Adams county. For preliminary purposes that is now determined. It is impossible to determine it otherwise except by retrial of the fact, which turns the habeas corpus proceeding into an appeal with trial de novo. *People ex rel. v. District Court,* 22 Colo. 422, 45 Pac. 402.

The motion for rehearing now raises a new question, not raised before, viz., that the county court had no authority, without bringing the accused into court, to order him held preliminarily. Under our rules they cannot take that position on motion for rehearing, but even if this

were not so, proceedings have been begun in a court having jurisdiction of the subject matter, they have arrested his person and have served him with a statutory notice that the inquiry as to his sanity will take place, they thus have jurisdiction of the person, and, under the statute (C. L. § 551), it is the duty of the court, pending the hearing, to order him held ''in a hospital or some other convenient or suitable place.'' It must be noted that there is no allegation that there is unreasonable delay in hearing the case on its merits, and that the said statute does not require him to be brought before the court except in case he is apprehended without order of the court, in which case he shall be taken immediately before the judge. The present petitioner was apprehended under an order of court in the proper manner, but sometimes it is necessary to apprehend an insane person without any order and he is protected in such case by the above provisions.

The new point is also made that the General Psychopathic Hospital is not a lawful place to confine a man, because the statutes with reference to that hospital do not provide for commitment thereto in the manner in which this man was committed. Since this point is new it cannot be made in a motion for rehearing, but if it could, we think the proceedings within the terms of ch. 158, S. L. 1923. This point, however, we do not decide. The motion for rehearing is denied. Opinion modified and judgment affirmed.

MR. JUSTICE BURKE sitting as chief justice.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS not participating.