LEROY HENNESSEY, Jr. and JUANITA HENNESSEY, Appellants, v. CARL PRICE and LA VONNE PRICE, Respondents.

No. 10854

January 3, 1980                              604 P.2d 355

*Ashleman, Sabbath & Rohay,* Las Vegas, for Appellants.

*Jolley, Urga & Wirth,* Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, C. J.:

Leroy and Juanita Hennessey appeal from the judgment of the district court ordering the Hennesseys to sell their North Las Vegas home to Carl and La Vonne Price according to the terms of a 1972 option contract entered into by the parties. The Hennesseys contend that the lower court's order of specific performance was error because the option contract had, either by its own terms or because of the acts of the parties, previously expired. Finding no error, we affirm.

In June, 1972, the Hennesseys, preparing to move from Nevada, offered their North Las Vegas home for sale through the agency of Harry Wells, a licensed real estate broker. The Prices contacted Wells and offered to lease the home while reserving the right to purchase it when the Hennesseys completed their relocation efforts. A written contract, embodying the terms agreed upon by the parties, was drafted by Wells. The written instrument integrated a month to month rental agreement with an option-type agreement possessing elements of both an option to purchase and a right of first refusal. The disputed portions of the document are set out in the margin.[1]

Because of familial problems, however, the Hennesseys were

---

[1] The disputed portion of the 1972 agreement provided:

The Seller reserves the right to sell the above mentioned property upon giving the above mentioned Tenant the "Right of First Refusal". In the event of an offer to purchase the tenant will have 7 days in which to make a decision and advise said owner or his agent as to his intent.

Seller further agrees to give said tenant normal tenant rights of thirty days notice to vacate, in the event said tenants do not wish to purchase said home.

In the event, the tenant wishes to exercise his right the terms and conditions shall be as follows:

Purchase price of $26,500.00; assume the existing VA Loan in the approximate amount of $22,600.00 as the above date.

Buyer and Seller to pay normal closing costs. Escrow to close within 30 days of the acceptance of the above terms.

unable to sell their home as expeditiously as originally antici-pated. The Prices, in the meantime, honored their contractual obligations and continued to pay rent; the Prices' rent was increased several times due to rising taxes and insurance charges. In January, 1977, Mrs. Hennessey informed the Prices that the home was for sale. The Prices promptly attempted to exercise their option, but the Hennesseys refused to sell at the price specified in the option. The Prices com-menced the instant suit, in April, 1977, to compel specific per-formance of the written contract; the Hennesseys counterclaimed for a writ of restitution and damages.

After a court trial, including testimony by Messrs. Hen-nessey, Price, and Wells, the court construed the 1972 instru-ment as an integrated rental agreement and option to purchase, at the specified price of $26,500.00, exercisable "at such time as Defendants [the Hennesseys] offered such property for sale on the open market and notified Plaintiffs [the Prices] of such offer for sale." The court further found that the option was supported by consideration, that the Prices had not violated the terms of the agreement, that the right to purchase had matured, and that the Prices were ready, willing, and able to perform. The court thereafter entered the order of specific per-formance requested by the Prices, and denied the Hennesseys' counterclaim; this appeal ensued.

Appellants argue, relying on Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967), that the disputed option is, by its own terms, of indefinite duration and therefore exercisable only within a reasonable time; that a reasonable time, according to appellants, had expired prior to respond-ents' attempts to enforce the terms of the 1972 agreement. *Mohr,* however, is not apposite.

In *Mohr,* we found that an option to purchase which was exercisable solely at the buyer's request "as soon as financing had been obtained" lacked an objectively ascertainable time referent and was, therefore, of indefinite duration. The vitality of the instant option, by contrast, is temporally limited: the option, resting upon the common and indivisible consideration of the rental agreement, *see* Gershenhorn v. Stutz, 72 Nev. 293, 303, 304 P.2d 395, 400 (1956), was to stay in effect only so long as the Prices continued their month to month tenancy and was to be exercisable only when the Hennesseys offered the home for sale, *see* Schroeder v. Gemeinder, 10 Nev. 355 (1875). In *Schroeder,* we held an option to purchase, integrated with a renewable two year lease agreement, to be of definite

duration, exercisable at any time within the original or renewed period of tenancy. We do not find appellants' attempt to distinguish the instant option, based upon a periodic tenancy, from the *Schroeder* option, rooted in a renewable tenancy for years, to be persuasive. *See* Balsham v. Koffler, 73 A.2d 272 (N.J. 1950); Chosewood v. Byars, 41 S.E.2d 530 (Ga. 1947); Abbott v. Seventy-Six Land & Water Co., 25 P. 693 (Cal. 1891). The trial court correctly relied on *Schroeder* in concluding that the disputed option was of definite duration.

Appellants further argue that, because of the acts of the parties, the option had been terminated prior to its attempted exercise by respondents. We do not agree. The Hennesseys' statement, made to the Prices in 1974, that they would not abide by "that silly little agreement" did not and could not terminate the option, since the option was supported by consideration and was, therefore, irrevocable. *Mohr Park,* 83 Nev. at 112–13, 424 P.2d at 105. Nor can we agree with appellants that the post-1972 rent increases operated to rescind the lease-option agreement. These minor modifications, relating back to the original agreement, served to reaffirm the 1972 agreement. The district court did not err in finding that the option was still in effect as of January, 1977.

Appellants' other assignments of ·error, being devoid of merit, require little discussion. Appellants contend, for the first time on appeal, that respondents' request for specific performance is barred by laches and that the disputed contract violates the Rule Against Perpetuities; those matters were neither specially pleaded under NRCP 8(c), *see* Tobler & Oliver Constr. v. Nevada St. Bank, 89 Nev. 269, 271, 510 P.2d 1364, 1365 (1973), nor raised in the court below in any fashion, *see* Phillips v. Mercer, 94 Nev. 279, 282, 579 P.2d 174, 176 (1978), and are, therefore, not properly before this Court on appeal, *see* Young Electric Sign Co. v. Erwin Electric Co., 86 Nev. 822, 828, 477 P.2d 864, 868 (1970). Similarly, appellants' contention that the district court's findings are not supported by substantial evidence simply because the record contains conflicting evidence is not well taken. *See* Tavel v. Olsson, 91 Nev. 359, 361, 535 P.2d 1287, 1288 (1975).  ·

The judgment of the district court is, therefore, affirmed.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.