**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BULLION MONARCH MINING, INC.,
*Plaintiff-Appellant,*

v.

BARRICK GOLDSTRIKE MINES, INC.,
*Defendant-Appellee.*

No. 11-15479

D.C. No.
3:09-cv-00612-
ECR-VPC
District of Nevada,
Reno

ORDER
CERTIFYING
A QUESTION TO
THE NEVADA
SUPREME COURT

Filed June 13, 2012

Before: Sidney R. Thomas, M. Margaret McKeown, and
William A. Fletcher, Circuit Judges.

---

## ORDER

We respectfully certify to the Nevada Supreme Court the questions of law set forth in Section III of this order, pursuant to Nevada Rule of Appellate Procedure 5. The answer will be determinative of an issue pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court.

### I.  Background

Plaintiff-Appellant Bullion Monarch Mining, Inc. ("Bullion") alleges that Barrick Goldstrike Mines, Inc. ("Barrick") owes Bullion mineral royalty payments pursuant

to an area-of-interest provision contained in a 1979 agreement. According to Bullion, its predecessor-in-interest and several other entities entered into the agreement with a mine operator, Barrick's predecessor-in-interest, to develop mining claims in the Carlin Trend in Nevada.

The agreement contains an area-of-interest provision requiring the operator to pay Bullion a royalty on production from mining claims the operator might subsequently acquire within the area of interest. The agreement restricts Bullion's ability to purchase or develop mineral interests in the area of interest. Under the agreement, Bullion is to receive royalty payments on production from after-acquired claims in the area of interest for ninety-nine years.

Bullion filed suit in Nevada federal district court seeking royalty payments on production from after-acquired claims in the area of interest. Barrick contended that the area-of-interest provision is void under the Rule Against Perpetuities. Bullion contended that the Rule does not apply to royalties on production from after-acquired claims within an area of interest. In the alternative, Bullion sought reformation of the agreement under Nevada Revised Statute § 111.1039(2).

The district court granted summary judgment to Barrick based on the Rule Against Perpetuities. Bullion timely appealed.

## II.   Discussion

### A.   Applicability of the Rule Against Perpetuities

The Nevada Constitution expressly adopts the Rule Against Perpetuities. Nev. Const. art. 15 § 4 ("No perpetuities shall be allowed except for eleemosynary [charitable] purposes."). Nevada courts have interpreted this constitutional provision as applying the common law Rule Against Perpetuities. *See Sarrazin v. First Nat'l Bank of Nev.*, 111 P.2d 49, 51 (Nev. 1941)

("'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.'" (citing John Chipman Gray, *The Rule Against Perpetuities*, § 201 (3d ed. 1915))).

The Nevada legislature enacted a Statutory Rule Against Perpetuities in 1987. Nev. Rev. Stat. §§ 111.103-1039. The statute, however, purports to affect only interests created on or after July 1, 1987. *Id.* § 111.1039(1).

The Nevada Supreme Court has not addressed the question whether the Rule Against Perpetuities applies to an area-of-interest provision in a mining agreement. *Cf. Hennessey v. Price*, 604 P.2d 355, 357 (Nev. 1980) (declining to reach the perpetuities defense because it was not raised as a defense below); *Eagle Thrifty Drugs & Mkts., Inc. v. Incline Vill., Inc.*, 517 P.2d 786, 788 (Nev. 1973) (same); *Nev. ex rel. Brennan v. Bownman*, 503 P.2d 454, 456-57 (Nev. 1972) (noting that Nevada's constitution exempts charitable gifts from the Rule Against Perpetuities); *Mohr Park Manor, Inc. v. Mohr*, 424 P.2d 101, 105-06 (Nev. 1967) (noting, and rejecting, potential perpetuities problem with a real estate option contract); *Tsirikos v. Hatton,* 116 P.2d 189, 191 (Nev. 1941) (analyzing applicability of the Rule Against Perpetuities in the construction of a will); *Sarrazin*, 111 P.2d at 51 (same), *Aikins v. Nev. Placer*, 13 P.2d 1103, 1105-06 (Nev. 1932) (analyzing a challenge to a mining claim option contract under the Rule Against Perpetuities); *Nixon v. Brown*, 214 P. 524, 531 (Nev. 1923) (applying charitable exception to the Rule Against Perpetuities); *Hunter v. Sutton*, 205 P. 785, 789 (Nev. 1922) (finding it unnecessary to reach the Rule Against Perpetuities issue); *In re Hartung's Estate*, 160 P. 782, 784 (Nev. 1916) (applying charitable exception to the Rule Against Perpetuities).

The parties have particularly directed our attention to two out-of-state cases. An Indiana court applied the Rule Against Perpetuities to an area-of-interest provision, holding that "roy-

alty interests are real property interests which vest immediately in the royalty holder only to the extent that such interests are granted in property owned by the grantor at the time of conveyance, otherwise such royalty interests will not vest until acquisition by the grantor." *Wedel v. Am. Elect. Power Serv.*, 681 N.E. 2d 1122, 1137-38 (Ind. Ct. App. 1997). *Wedel* treats an area-of-interest royalty as a contingent, future interest because it is uncertain, at the time the agreement is signed, whether and when any claims will be acquired within the area of interest. *Wedel* holds that an area-of-interest provision violates the Rule if the period between the signing of the agreement and the acquisition of the claim may exceed the applicable perpetuities period.

A Missouri court reached the opposite conclusion, holding that the Rule Against Perpetuities does not apply to an area-of-interest provision because such a provision "tends to promote, not inhibit, the leasing of the minerals and hence, the profitable use of land." *Commerce Bank of Kansas City, N.A. v. Peabody Coal Co.*, 861 S.W.2d 569, 571 (Mo. Ct. App. 1993) (citing Charles Meyers, *The Effect of the Rule Against Perpetuities on Perpetual Non-Participating Royalty and Kindred Interests*, 32 Tex. L. Rev. 369 (1954)). The Sixth Circuit adopted the reasoning of *Commerce Bank* in an unpublished memorandum disposition. *Willits v. Peabody Coal Co.*, 188 F.3d 510 (Table), 1999 WL 701916, at *19-20 (6th Cir. 1999).

The Missouri court pointed out the uneasy fit between the Rule Against Perpetuities and area-of-interest provisions. The classic aims of the Rule Against Perpetuities are two-fold: First, the Rule seeks to limit the dead-hand control of grantors in the settlement of family estates. Second, and relatedly, it seeks to limit the period during which property can be rendered inalienable. *See, e.g., Meyers*, 32 Tex. L. Rev. at 416 (" 'Excessively long family settlements were the threat which produced the Rule; and the period of perpetuities was tailored to fit the needs of family gift transactions.' " (quoting W. Bar-

ton Leach, *Perpetuities in Perspective: Ending the Rule's Reign of Terror,* 65 Harv. L. Rev. 721, 725-26 (1952))). Area-of-interest provisions are contained in commercial agreements rather than in family property settlements. Further, area-of-interest provisions do not limit alienability of either the underlying estate or the royalty interest. In this sense, one may even question whether area-of-interest provisions create property interests, as they create enforceable rights only against the contracting parties. According to Dean Meyers, royalty interests such as those contained in area-of-interest agreements encourage the productive use of mineral land because individual owners may not have sufficient capital to fully exploit subsurface minerals, gas, or oil, such that the power to explore and develop land is often placed in the hands of a single operator. *Id.* at 420 ("[T]he policy of the Rule against Perpetuities is fostered, not infringed, by sustaining the executive right, which keeps the power to lease in the hands of a single person.").

We are not in a position to predict with confidence whether the Nevada Supreme Court would agree with the analysis of *Wedel*, with that of *Commerce Bank*, or with that of some other decision.

## B.   Reformation

In the alternative, Bullion argues that if its royalty interest in after-acquired claims in the area of interest violates the Rule, Nevada's Statutory Rule Against Perpetuities gives a court the power to reform the agreement. The Nevada Supreme Court has not published an opinion addressing this question.

## III.   Questions of Law

We certify two questions to the Nevada Supreme Court:

1. Under Nevada law, does the Rule Against Perpetuities apply to an area-of-interest provision in a commercial mining agreement?

2. If the Rule Against Perpetuities does apply, is reformation available under Nevada Revised Statute § 111.1039(2)?

We recognize that the Nevada Supreme Court may, in its discretion, reword the certified questions. *Palmer v. Pioneer Inn Assocs. Ltd.*, 59 P.3d 1237, 1238 (Nev. 2002) (per curiam) (rephrasing and answering our certified question).

## IV. Conclusion

This appeal presents issues of Nevada state law that will be determinative of an issue essential to the parties' dispute. In our view, there is no clearly controlling precedent of the Nevada Supreme Court. For this reason, we request that the Nevada Supreme Court accept and decide the question(s) herein certified. We agree to abide by the Nevada Supreme Court's decision as specified by Rule 5 of the Nevada Rules of Appellate Procedure, which states that "[t]he written opinion of the Supreme Court stating the law governing the question certified . . . shall be res judicata as to the parties." Nev. R. App. P. 5(h)

The Clerk of this court is hereby directed to file in the Nevada Supreme Court, under official seal of the Ninth Circuit Court of Appeals, copies of all relevant briefs and an original and ten copies of this request with certificate of service on the parties. The opening brief remains under seal during the period of certification to the Nevada Supreme Court.

All further proceedings in this case are stayed pending receipt of the answer from the Nevada Supreme Court. This appeal is withdrawn from submission and will be resubmitted after receipt of the Nevada Supreme Court's opinion. The panel retains jurisdiction over further proceedings in this

court. The parties are directed to notify the Clerk of this court within one week after the Nevada Supreme Court accepts or rejects the certification, and if it accepts certification, again to notify this court within one week after that court renders its opinion.

If the Nevada Supreme Court accepts certification, Plaintiff-Appellant Bullion shall be the appellant in that court, and Defendant-Appellee Barrick shall be the respondent. As required by Nevada Rule of Appellate Procedure 5(c)(5), the names and addresses of counsel appear in the appendix.

**IT IS SO ORDERED.**

Respectfully submitted, Sidney R. Thomas, M. Margaret McKeown, William A. Fletcher, Circuit Judges.

## APPENDIX

Clayton P. Brust, Robison, Belaustegui, Sharp & Low, 71 Washington Street, Reno, NV 89503, for the plaintiff-appellant. Francis M. Wikstrom, Michael P. Petrogeorge, Brandon J. Mark, Parsons, Behle & Latimer, 201 South Maine Street, Suite 1800, Salt Lake City, UT 84111; Michael R. Kealy, Parsons Behle & Latimer, 50 West Liberty Street, Suite 750, Reno NV 89501, for the defendants-appellees.