**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | No. 12-17383 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-02033-PMP-RJJ |
| v. | MEMORANDUM[*] |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted February 4, 2015
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District Judge.[**]

National Fire & Marine Insurance Company (National Fire) appeals the

district court's grant of partial summary judgment in favor of The Insurance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Company of the State of Pennsylvania (Insurance Company). National Fire also appeals the district court's denial of its motion for a continuance pursuant to Rule 56 of the Federal Rules of Civil Procedure, and its motion for reconsideration.

1.      The district court did not err in granting partial summary judgment in favor of Insurance Company because National Fire failed to raise "genuine issues of material fact" regarding the triggering of excess coverage. As the district court noted, National Fire submitted no evidence to refute the expert reports submitted in support of the motion for partial summary judgment. *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1044 (9th Cir. 2014). The district court's ruling was neither premature nor advisory because it did not rule on National Fire's actual indemnity obligation.

2.      The district court did not abuse its discretion in denying National Fire's motion under Rule 56. National Fire's failure to conduct discovery established its lack of diligence. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

**3.** Because the district court did not err when it granted partial summary judgment in favor of Insurance Company, and did not abuse its discretion when it denied National Fire's motion under Rule 56(d), it acted within its discretion when it denied National Fire's motion for reconsideration of those issues.[1] *See United States v. Chi Tong Kuok*, 671 F.3d 931, 947 n.9 (9th Cir. 2012).

**4.** We decline Insurance Company's request that we certify to the Nevada Supreme Court the question of how the "cause" test is properly applied in construction defect cases. This appeal does not "present[] issues of Nevada state law that will be determinative of an issue essential to the parties' dispute. . . ." *Bullion Monarch Min., Inc. v. Barrick Goldstrike Mines, Inc.*, 686 F.3d 1041, 1044 (9th Cir. 2012); *see also* Nev. R. App. P. 5. Indeed, the district court expressly noted that it was making no ruling on the dispositive issue in the case.

**AFFIRMED.**

---

[1] National Fire also asked the district court to reconsider its order granting Insurance Company's Motion for Voluntary Dismissal of Count Three Without Prejudice. On reconsideration, the district court vacated its order and provided National Fire additional time to respond. The parties later stipulated to dismissal of this count, and National Fire does not now appeal this issue.