TOBLER AND OLIVER CONSTRUCTION CORP.; FAY TOBLER AND VENICE TOBLER, HUSBAND AND WIFE; AND VERNES OLIVER AND THELMA OLIVER, HUSBAND AND WIFE, APPELLANTS, v. NEVADA STATE BANK, A NEVADA BANKING CORPORATION, RESPONDENT.

No. 7047

June 13, 1973                    510 P.2d 1364

*A. Loring Primeaux* and *Morton R. Galane,* of Las Vegas, for Appellants.

*Boyd, Leavitt & Freedman,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Tobler and Oliver Construction Corp. executed a promissory note on January 3, 1964 in the amount of $50,000.00 payable to John and Nellie Covarrubias, as joint tenants, with a right of survivorship. John Covarrubias died in an airplane crash. Subsequent to his death his wife, Nellie Covarrubias, on August 11, 1965 assigned the note to the Nevada State Bank in payment of an obligation of Covarrubias to the bank. Notice of the assignment was given to Tobler and Oliver Construction Corp. and to Fay Tobler who was president of the corporation. Thereafter, Tobler and Oliver Construction Corp. made payments on the note to the bank.

Prior to the execution of the assignment the individual defendants, Vernes Oliver and Fay Tobler, on June 8, 1965 executed continuing guaranties in favor of the bank in the principal amount of $50,000.00. Subsequent to the execution of the assignment on May 27, 1966 all the individual defendants executed continuing guaranties in favor of the bank in the amount of $50,000.00.

The bank subsequently brought suit on the promissory note which had been assigned to it by Nellie Covarrubias and acquired judgment against each of the defendants jointly and severally in the amount of $13,439.97, the balance due on the note, plus interest, court costs and attorneys' fees. The judgment against the individual defendants was based upon their liability under their continuing guaranties of the indebtedness of the corporate defendant Tobler and Oliver Construction Corp. to the bank.

The question is whether the continuing guaranties executed by the individuals bind them to pay the balance due on the note which had been executed by Tobler and Oliver Construction Corp. in favor of Covarrubias and later assigned to the respondent bank.

1. The continuing guaranty is a "stock" form that recites the word "borrowers" 18 times. Appellants claim that since the

Covarrubias note did not represent any money borrowed directly by them their guaranties were not binding. The argument is without merit.

The guaranties provide: ". . . the undersigned (hereinafter called guarantors) . . . guarantee and promise to pay Nevada State Bank . . . any and all indebtedness of Tobler and Oliver Construction Corp. (hereinafter called borrowers) to bank." The term "borrower" is merely a term of convenience and is not intended to define the nature of the obligation. Fannin State Bank v. Grossman, 175 N.E.2d 268 (Ill.App. 1961).

2. The guaranty goes on to state: "The word 'indebtedness' is used herein in its most comprehensive sense and includes any and all advances, debts, obligations and liabilities of borrowers . . . however arising. . . ." The language of the guaranty they executed is broad enough to include the note.

3. Appellants question the lack of standing and capacity of the bank to sue on the Covarrubias note because there was no proof at trial of John Covarrubias' death. The death certificate of John Covarrubias was not offered into evidence. Still, the record contains several acknowledgments of the fact of his death including admission of that fact by the corporation in its answer. Nevertheless, appellants argue that without proof of the death of her husband Nellie Covarrubias did not get title to the note and could not validly assign it to the bank and accordingly that the bank, not owning the note, could not sue upon it.

Again, the arguments are specious. NRCP 8(c) and NRCP 9(a) require this allegation to be plead affirmatively and with particularity. This was not done. Failure to so plead constitutes waiver. The continuing guaranties are proper in form and effect and the trial court was correct in imposing liability based upon them.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.