Submitted on respondent's petition for rehearing filed June 29, former opinion filed May 24 (278 Or 417, 564 P2d 685), petition for rehearing denied July 20, 1977

## COMMUNITY BANK, *Appellant,*
*v.*
## ELL, *Respondent.*
## (No. 403-342, SC 24564)

566 P2d 903

Leslie M. Roberts, of Kell, Alterman & Runstein, Portland, for respondent.

No appearance contra.

TONGUE, J.

## TONGUE, J.

Defendant Ell has petitioned for rehearing, or in the alternative for a modification of our opinion in which we held that a judgment in his favor must be reversed and the case remanded for a new trial. From the arguments in the petition it appears that certain portions of our opinion need clarification.

■ In discussing the time when Ell could be held to have had notice of the deposit of certain checks we said: "If, however, Ell examined his bank statements, he must have known that Jones made a practice of depositing the loan checks immediately." Ell contends that this statement unreasonably assumes that a depositor examines not only his bank statement but also the processing stamps on his cancelled checks, and that it may be prejudicial to his case upon retrial. We did not mean, by this statement, to hold that Ell must be held to have notice of all of the information which would be obtained by examining every bank processing stamp on the cancelled checks which were returned with his bank statement. We meant only that the statements themselves disclosed a pattern of prompt deposits by Jones and that this fact, together with other evidence discussed in the opinion, indicated that Ell had notice of the dates of the bank deposits in question. Whether Ell, upon retrial, must be held to have notice of the date of a particular deposit will depend upon all of the evidence on that question. The evidence may be different on retrial. The issue is not foreclosed by his receipt of bank statements for prior periods.

■ In the course of our holding that when the bank became the holder of the disputed checks Ell had no defenses against them of which the bank could have had notice, we said: "The checks were regular on their faces and represented bona fide transactions in which Ell had received all he bargained for." The petition contends that we have erroneously held that a promise to repay is not part of the consideration for a secured

loan. The quoted language does not reflect such a conclusion. We intended to point out only that Ell had received all he was entitled, under the terms of the loan transaction, to receive *at that time.* The time for repayment of the loans had not yet arrived. We did not hold that there is no obligation to repay a loan because the lender has received adequate security.

Ell contends that we failed to consider evidence which raised a jury question whether the bank had notice of a defense of failure of consideration—specifically, a defense based on the probability that the bank's own treatment of Jones' account would make it financially impossible for him to perform his obligation to repay the loans when they were due. Regardless of the merits of the argument, this question was not properly made an issue on appeal. *Artman v. Ray,* 263 Or 529, 534, 501 P2d 63, 502 P2d 1376 (1976).

Petitioner's other contentions do not, in our opinion, require further discussion or consideration.

The petition for rehearing is denied.