**Gordon WEAR, Appellant,**

**v.**

**FARMERS AND MERCHANTS BANK OF LAS CRUCES, NEW MEXICO, Appellee.**

**No. 3850.**

Supreme Court of Alaska.

Feb. 29, 1980.

Millard Ingraham, Rice, Hoppner, Hedland, Fleischer & Ingraham, Fairbanks, for appellant.

Andrew J. Kleinfeld, Fairbanks, for appellee.

Before CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

The Bank has petitioned for a rehearing. The petition is granted.

In its petition for rehearing, the Bank argues that in our determining that the Bank was not a holder in due course of Wear's promissory note, we overlooked a controlling decision. The decision the Bank refers to is *First Nat'l Bank v. Bell*, 88 S.W.2d 119 (Tex.Civ.App.—Fort Worth 1935). The *Bell* decision was criticized as not being a sound construction of the Negotiable Instruments Law by another panel of the Texas Civil Court of Appeals in *Estrada v. River Oaks Bank & Trust Co.*, 550 S.W.2d 719, 726 (Tex.Civ.App., Houston [14th District] 1977). Thus, in the absence of a decision by the Texas Supreme Court on this question, the *Bell* decision cannot be considered as a "controlling decision," as the Bank asserts.

In reaching our decision that the Bank was not a holder in due course of Wear's note in 1968, we applied the Uniform Commercial Code, which was adopted by the State of Texas in 1966. A holding that the Bank did become a holder in due course would be inconsistent, in our opinion, with Texas statutory law in 1968. We will presume that the *Estrada* view in 1977, and not that in the *Bell* case in 1935, regarding the question of written contracts to assignments as endorsements of notes, would be the view that the Supreme Court of Texas would have adopted in 1968 if the matter had been presented to it.

The Bank also reiterates its argument that Wear forfeited his right to commissions by "twisting," i. e., by inducing Century policyholders to cancel their Century policies and insure instead with another insurance company represented by Wear so that he could get the higher first-year commissions. As we held in the original opinion in this case, that argument is untenable and without merit.

We adhere to our original decision which reverses the judgment of the superior court.

RABINOWITZ, C. J., and BOOCHEVER, J., not participating.