OPINION OF THE COURT
Jasen, J.
On this appeal, we are asked to determine the proper method of calculating the tax base upon which to premise the alternative minimum tax imposed by the City of New York upon savings banks and savings and loan associations.
Petitioner, Bowery Savings Bank (Bowery) is a mutual savings bank organized and existing under the Banking Law of the State of New York. Bowery timely filed New York City financial corporation tax returns for its taxable years 1973 through 1975, and computed its tax thereon on the basis of the alternative minimum tax imposed by the Administrative Code of the City of New York.[1] By notices of deficiency dated May 25,1977, respon *402 dents, Philip R. Michael, as Commissioner of Finance of the City of New York, and the Department of Finance of the City of New York (hereinafter collectively referred to as “the Department”), asserted deficiencies in Bowery’s New York City financial corporation tax for the taxable years in issue. On August 22, 1977, Bowery filed petitions for redetermination of the alleged deficiencies in its financial corporation tax, and on May 21, 1981, Bowery filed amended petitions for redetermination of the proposed deficiencies. Formal hearings were conducted, at which the sole issue was the proper method of computing the alternative minimum tax under section R46-37.53 (b) (2). On March 10, 1983, the Department denied Bowery’s petitions and issued a final determination of the tax liability. The final determination was of a deficiency for the years 1973, 1974 and 1975 in the principal amount of $153,289.67, plus interest of $74,676.48, for a total of $227,966.15. On July 8, 1983, Bowery commenced a proceeding pursuant to CPLR article 78 seeking to annul the Department’s final determination, which was subsequently transferred to the Appellate Division, First Department, for disposition pursuant to CPLR 7804 (g).
The circumstances relevant to the petition of the American Savings Bank of New York are virtually identical to those surrounding Bowery’s financial corporation tax dispute. The American Savings Bank (American)* [2] is a mutual savings bank organized and existing under the Banking Law of the State of New York. In the taxable years 1973,1974 and 1975, American paid New York City financial corporation taxes in accordance with the alternative minimum tax. (See, Administrative Code § R46-37.53 [b] [2].) By notices of deficiency dated January 9, 1978, the Department advised American of alleged deficiencies in the amount of its financial corporation tax payments for the taxable years in question.
On March 1, 1978, American petitioned the Department far redetermination of the alleged deficiencies. As with the Bowery financial corporation tax dispute, the sole issue was the proper *403 method of computing the alternative minimum tax under section R46-37.53 (b) (2). By a final determination dated June 30, 1982, the Department denied American’s petition and assessed a deficiency for the years 1973, 1974 and 1975 in the principal amount of $62,121.50, plus interest of $25,619.56, for a total of $87,741.06. American commenced this article 78 proceeding in Supreme Court, New York County, on October 27, 1982, to challenge the Department’s determination, and the matter was subsequently transferred to the Appellate Division. While American’s proceeding was pending, Bowery commenced an article 78 proceeding to annul a similar administrative determination by the Department. American’s proceeding was adjourned so that the two proceedings could be considered jointly in the Appellate Division.
The proceedings of both Bowery and American, having been transferred to the Appellate Division for resolution and involving identical issues of law, were jointly argued and decided at the Appellate Division. The focus of the dispute was, and continues to be, the proper method of calculating the tax base in a statutory scheme which requires the rate of tax to be applied to the interest or dividends credited to depositors or shareholders during the taxable year. It was the contention of petitioners before the Appellate Division that the 3.5% interest rate is a hypothetical rate to be applied to the balance of a depositor’s account exclusive of, and not in addition to, the actual interest credited to that account during the taxable year. It was further argued by petitioners that the statutory rate is an uncompounded interest rate, in which case a particular bank’s actual interest rates exceeding 3.5% per annum, its frequency of compounding or crediting, and the amount of interest actually computed and credited to a given account during the taxable years are not to be considered in computing the alternative minimum tax base. The Department, in contrast, maintained that the 3.5% per annum statutory rate should be applied to the actual interest generated by the bank’s compounding and crediting practices as included in the balance of a depositor’s account.
A sharply divided Appellate Division accepted the method of calculation advanced by petitioners, granted the petitions of Bowery and American, annulled, on the law, the final determinations of the Department of Finance of the City of New York assessing tax deficiencies against petitioners for the years 1973 through 1975 inclusive, and remanded the matters for recomputation. We now modify, for the following reasons.
*404 The imposition by the City of New York of a minimum tax on savings banks and savings and loan associations, as an authorized alternative to taxation upon the taxpayer’s entire .net income, should be based upon each interest or dividend credit applied to the balance of a depositor’s account. The alternative minimum tax under section R46-37.53 (b) (2) of part III of title R, chapter 46 of the New York City Administrative Code provides, in pertinent part: “a savings bank and savings and loan association [shall pay] two and five hundred seventy-four one-thousandths percent of the interest or dividends credited by it to depositors or shareholders during any taxable year, provided that, in determining such amount, each interest or dividend credit to a depositor or shareholder shall be deemed to be the interest or dividend actually credited or the interest or dividend which would have been credited if it had been computed and credited at the rate of three and one-half percent per annum, whichever is less.”
By providing that the alternative minimum tax base should be determined according to the amount of interest “which would have been credited if it had been computed and credited at th e rate of [3.5%] per annum”, in those instances where the 3.5% statutory rate is lower than the amount of interest actually credited to depositor’s accounts, section R46-37.53 (b) (2) dictates that the tax base for the alternative minimum tax include the interest earned by the account as if said interest was computed by resort to the 3.5% per annum statutory rate. For the purposes of the computation of the tax base upon which the New York City alternative minimum tax is premised, the tax base is arrived at by compounding and crediting interest at the hypothetical rate prescribed by statute: 3.5% per annum, notwithstanding the actual or stated rate of interest which had been utilized by the bank during the taxable year. The statute does not provide for a flat tax of 3.5% per annum upon the average daily balance of an account, nor does it authorize application of the 3.5% per annum rate to all funds in the account, including amounts actually credited as compound interest during the taxable year. Rather, the alternative minimum tax contemplates an interpretation which computes each account balance as if each interest credit were made at the statutory rate of 3.5% per annum.
For example, in the case of an account with an average dail;r balance of $100 and the statutory interest rate of 3.5% per annum, which is compounded and credited semiannually, the tax base would equal $3.53. This tax base results because the *405 June 30 interest credit in the amount of $1.75 is included in the account balance from July 1 through December 31, and the 3.5% per annum statutory ceiling is therefore applied to an account balance of $101.75 during the second half of the taxable year. Under the foregoing computation, the tax base would be $3.53, rather than a $3.50 tax base arising from petitioners’ method of computation which excludes all interest credited or due to the account.[3]
This result is concordant with industry practice. Section R46-37.53 (b) (2) directs that the statutory rate be applicable to “each interest or dividend credit to a depositor or shareholder”. Pursuant to the General Regulations of the Banking Board, the terms “interest” and “dividend” are defined as “any amount accruing to or for the account of any depositor(s) in connection with the use of funds deposited in a savings or time deposit account, regardless of whether such earnings have been paid to the account of its holder(s)” (3 NYCRR 13.11 [e] [emphasis added]). It is, therefore, nonindicative that the terms “interest” or “dividend”, as utilized in the ascertainment of the tax base for computation of the New York City alternative minimum tax, do not explicitly incorporate the compounding and crediting practices of banking organizations. The broad concepts of “interest” and “dividend”, as recognized by the General Regulations of the Banking Board and utilized within section R46-37.53 (b) (2), embrace all earnings accruing to or for the account, regardless of whether the earnings constitute the product of the bank’s compounding practices or whether the earnings have been credited to depositors’ accounts. Administrative Code § R46-37.53 (b) (2), however, limits the interest or dividends for purposes of the alternative minimum tax, to the hypothetical interest rate of 3*5% per annum which is independent of the actual rates of interest applicable to depositors’ accounts. It is by means of application of the artificial interest rate ceiling of 3.5% per annum that the taxpayer is relieved of the potentially higher tax liability arising from consideration of all earnings accrued.
*406 Thus, the tax base properly includes the interest produced, through application of the 3.5% per annum statutory rate, by the taxpayers’ compounding and crediting practices.
Accordingly, in each proceeding, the judgment of the Appellate Division should be modified, without costs, and the matter remitted to respondents for recomputation in accordance with this opinion.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Alexander concur.
In each case: Judgment modified, without costs, and matter remitted to Supreme Court, New York County, with directions to remand to respondents for recomputation in accordance wifii the opinion herein and, as so modified, affirmed.

. The alternative minimum tax was imposed under section R46-37.5 (b) (2) for taxable years ending on or before December 31,1973; section R46-37.51 (b) (2) for taxable years beginning on or after January 1,1974 and ending on or *402 before December 31, 1974; and section R46-37.53 (b) (2) for taxable years beginning on or after January 1,1975. These three sections are identical but for the rates of tax imposed thereunder, which are 1.43%, 1.716% and 2.574%, respectively. To simplify the discussion, all references will be to section R4637.53 (b) (2).

. During the years in question, American Savings Bank was known as Franklin Savings Bank of New York. On April 24,1981, the former American Savings Bank and the former Empire Savings Bank merged into Frankl in Savings Bank of New York. The resulting bank continued operating under the name American Savings Bank and on July 29, 1983 converted to a Federal charter under the name American Savings Bank, FSB.

. Further by way of example, assume an account balance of $10,000, compounded quarterly, and computed as if each interest credit was made at the statutory rate of 3.5% per annum. The tax base is arrived at in the following manner:
1/1
$10,000.00
3/31
10,087.50
6/30
10,175.77
9/30
10,264.80
12/31
10,354.62.
The total interest credited to the depositor’s account is $354.62, which represents an effective annual interest rate of 3.55%.