*1331
 
 OPINION
 

 Per Curiam:
 

 Appellant Judy Campbell (Campbell) was married to Andy Ben-Tchavtchavadze (Ben) from 1969 through 1979. Pursuant to their divorce decree, Ben was to convey a townhouse located at 537 Woodcrest Avenue, Boulder City, Nevada, to Campbell, free and clear of all encumbrances. In 1982, Ben, by quitclaim deed, conveyed his interest in the property to Campbell. At that time, the property was heavily encumbered.
 

 Respondent Lake Terrace, Inc. (Lake Terrace) is a corporation engaged in the activity of developing residential property in Boulder City, Nevada. The corporation was formed by three individuals, Ben, Alan Stromberg (Stromberg), and Roger Diehl (Diehl). Both Stromberg and Diehl were friends of Campbell. After a conflict arose between the shareholders, Stromberg and Diehl agreed to buy out Ben’s interest. As part of the buy out, Lake Terrace agreed to assume Ben’s obligation to provide the townhouse to Campbell free and clear of all encumbrances.
 

 Mark Eads (Eads) was Lake Terrace’s attorney. Ben owed Eads $17,000.00 for services rendered to him personally on an unrelated matter. The $17,000.00 was secured by La Dolce Vita, Inc. (La Dolce Vita) stock owned by Ben. In an effort to protect Campbell from Ben’s financial irresponsibility, Eads agreed to foreclose on the La Dolce Vita stock and sell it to Campbell for $5,000.00 at the foreclosure sale. Stromberg loaned Campbell the $5,000.00, and Campbell bought the stock.
 

 Several years after Lake Terrace agreed to provide Campbell with the townhouse, free and clear of all encumbrances, Campbell decided to move from Boulder City to Las Vegas. Since Lake Terrace did not have the funds to pay off the remaining encumbrances on the townhouse, it issued Campbell a $100,000.00 promissory note with interest to be paid at ten percent in return for a quitclaim deed to the property. However, because Campbell needed to show a steady stream of income from the note for five consecutive years in order to qualify for a residential loan in Las Vegas, a second note was exchanged for the first. The new note had the same terms as the first except that Campbell was to receive five annual principal payments of $20,000.00. Lake Terrace failed to make any payments on the second note.
 

 
 *1332
 
 In 1985, after realizing that Lake Terrace was experiencing severe financial difficulties, Diehl “walked away” from his Lake Terrace investment. On January 7, 1987, Campbell brought suit against Stromberg and Lake Terrace for their failure to fulfill their obligations on the second note. Stromberg was properly served with process, but Campbell failed to serve Lake Terrace. In April of 1988, La Dolce Vita was liquidated, and Campbell received $86,160.00. On October 19, 1989, after Campbell retained new counsel, a second action was brought against both Stromberg and Lake Terrace to collect on the note. On November 17, 1989, Stromberg and Lake Terrace filed a motion to dismiss for want of prosecution. In response, Campbell filed a motion to consolidate the two actions. On January 8, 1990, the district court heard oral arguments and granted Campbell’s motion. On April 26, 1991, Stromberg was dropped from the suit.
 

 Pursuant to a bench trial, the district court determined that Lake Terrace owed Campbell $121,000.00 in principal and compound interest on the note, but that this amount was to be setoff by the $86,160.00 that Campbell received from the La Dolce Vita stock. In addition, the court ordered Lake Terrace to pay $10,000.00 in attorney’s fees. Both parties have appealed. Campbell argues that the district court erred in allowing Lake Terrace to setoff the value of her La Dolce Vita stock against its promissory note. Lake Terrace argues, among other things, that the setoff was proper, that interest due on the note and attorney’s fees should be simple rather than compound interest, and that the district court erred in denying its motion to dismiss for want of prosecution. We hold that the district court erred in allowing a setoff, that interest due on the note and attorney’s fees should be simple interest, and that the court did not abuse its discretion in denying Lake Terrace’s motion to dismiss for want of prosecution.
 

 Setoff is the right that exists between two parties who are indebted to each other that allows each to apply the debts of the other so that by mutual reduction everything but the difference is extinguished. Brown v. Lobdell, 585 P.2d 4 (Or. Ct. App. 1978). Claims that are eligible for setoff need not be transactionally related. In Contrail Leasing v. Executive Service, 100 Nev. 545, 550, 688 P.2d 765, 768 (1984) (quoting Korlann v. E-Z Pay Plan, Inc., 428 P.2d 172, 175 (Or. 1967) (en banc) (citation omitted)), we stated,
 

 “Setoff is usually allowed where, through a course of separate transactions, two parties become indebted to each other. If one of the parties becomes insolvent, the other,
 
 *1333
 
 instead of paying his debt in full and receiving a dividend on what is owed him, is held only for the difference, if any, between his debt and the insolvent’s. The reason for such a rule is said to lie in the injustice of a contrary rule.”
 

 The defendant must have a legally enforceable right against the plaintiff in order to apply setoff. Advanced Industrial Fin. Co. v. Western Equities, Inc., 343 P.2d 408, 412 (Cal. Dist. Ct. App. 1959). Setoff is an equitable remedy that requires an equitable ground for relief, and is “necessary to promote justice, to avoid or prevent wrong or irremediable injustice, or to give effect to a clear equity of the party seeking it.” Atchison Cty. Farmers Union v. Turnbull, 736 P.2d 917, 921 (Kan. 1987). Finally, the factual findings of the lower court must be upheld if based on substantial evidence and may not be set aside unless found to be clearly erroneous. Harvey v. United Pacific Ins. Co., 109 Nev. 621, 624, 856 P.2d 240, 241 (1993).
 

 The district court allowed Lake Terrace to setoff the appreciated value of Campbell’s La Dolce Vita stock against its promissory note. We find no authority that will support such a determination. As stated above, in order for there to be a setoff, each party must have a valid, enforceable debt against the other, and one of the parties must be insolvent. It is undisputed that Lake Terrace issued a $100,000.00 promissory note to Campbell, and that the note is valid and enforceable. It also seems clear that Stromberg’s advance of $5,000.00 to Campbell is also a valid and enforceable debt that Stromberg holds against Campbell. At no time was Campbell indebted to Lake Terrace. Once Stromberg was dropped from the suit, Lake Terrace was left without a debt that it could use for setoff. Accordingly, we hold that the district court erred in allowing Lake Terrace to setoff the appreciated value of the La Dolce Vita stock against the promissory note it owed to Campbell.
 

 Lake Terrace argues that the district court erred in finding that the interest due on the note and attorney’s fees should be compound interest. A review of the note shows that it calls for interest to be paid at ten percent per annum, but does not state whether the interest is to be simple or compound. As a general rule, compound interest is not favored by the law and is generally allowed only in the presence of a statute or an agreement between the parties allowing for compound interest.
 
 See
 
 Weinberger v. UOP, Inc., 517 A.2d 653 (Del. Ch. 1986); Helland v. Helland, 573 N.E.2d 357 (111. App. Ct. 1991); Norman v. Norman, 506 N.W.2d 254 (Mich. Ct. App. 1993); Lincoln Lumber Co. v. Fowler, 533 N.W.2d 898 (Neb. 1995). In Mountain States Broad
 
 *1334
 
 casting Co. v. Neale, 783 P.2d 551 (Utah Ct. App. 1989), the Utah Court of Appeals held that an award of compound interest could only be sustained if the appellate court concluded that the parties expressly agreed to compound interest by the terms of the note. We find this reasoning persuasive and hold that unless an instrument specifically calls for compound interest, only simple interest will be allowed. The district court erred in allowing compound interest to accrue on the note and the attorney’s fees.
 

 Lake Terrace also contends that the district court abused its discretion when it denied Lake Terrace’s motion to dismiss for want of prosecution. NRCP 41(e) states in pertinent part,
 

 (e) Want of Prosecution. The court may in its discretion dismiss any action for want of prosecution on motion of any party or on the court’s own motion and after due notice to the parties, whenever plaintiff has failed for two years after action is filed to bring such action to trial .... A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides.
 

 The standard of review on appeal is clear: “ ‘[ujnless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal.’ ” Hassett v. St. Mary’s Hosp. Ass’n, 86 Nev. 900, 902, 478 P.2d 154, 155 (1970) (quoting Harris v. Harris, 65 Nev. 342, 350, 196 P.2d 402, 406 (1948) (citations omitted)). We have reviewed the record and hold that the district court did not abuse its discretion in denying Lake Terrace’s motion to dismiss for want of prosecution.
 

 We have considered Lake Terrace’s remaining issues on appeal and conclude that they lack merit. Accordingly, we reverse the district court’s decision to allow a setoff and to allow compound interest rather than simple interest to accrue, affirm its decision with regard to all other issues, and remand the case for proceedings in accordance with these holdings.