Rose, J.,
dissenting:
The right to set-off has been recognized at common law and in many of our cases. See Board of Trustees v. Durable Developers, *1194 102 Nev. 401, 410, 724 P.2d 736, 743 (1986) (discussing the existence of both a common law and statutory right to set-off); Contrail Leasing v. Executive Service, 100 Nev. 545, 550, 688 P.2d 765, 768 (1984) (explaining the rationale underlying the common law right to set-off). It is also contained in our garnishment statutes. See NRS 31.360. Therefore, I begin my analysis with the assumption that the right to set-off was available to the Department of Motor Vehicles (DMV), whether based on a specific statute or not, as it would be to any other citizen of this state.
The primary issue on appeal concerns the priority of conflicting claims between the DMV and the former attorney for the used car salesman. Prior to service of the writ of garnishment upon the DMV and the bank by the attorney, the DMV and the car salesman reached an agreement whereby the car dealer admitted to the violations that had been asserted by the DMV, stipulated that he would terminate business, and agreed to pay a fine of $30,000.00 from the cash bond on deposit. The stipulated agreement was approved by the district court and the bank holding the cash bond accordingly disbursed $30,000.00 from it to the DMV pursuant to the court approved stipulation. It was not until then that the former attorney for the used car salesman served the writ of garnishment upon the DMV.
Given this scenario, it seems clear that the DMV had priority over the conflicting claim by the former attorney because the DMV had the common law right to set-off and its claim was prior in time.
Justice Young’s dissent emphasizes that consumers have a primary right over both claimants, and I agree. However, the car salesman’s violations consisted of securing phony air emission inspection certificates, thereby permitting cars on the road that had not passed the requisite emission standards. In this case, it appears that the car salesman’s violations inflicted more harm upon the environment and the public at large, rather than on the specific individuals who received the fraudulent emission certificates. No consumer claims have been filed against the used car salesman, and the claims of the parties can now be determined.