

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D.E. SHAW LAMINAR PORTFOLIOS, L.L.C.; LC CAPITAL MASTER FUND, LTD.; LC CAPITAL/CAPITAL Z SPV, LP; MAGTEN ASSET MANAGEMENT CORP; MERCURY REAL ESTATE SECURITIES FUND LP; MERCURY REAL ESTATE SECURITIES OFFSHORE FUND LIMITED; BLACK HORSE CAPITAL LP; BLACK HORSE CAPITAL (QP) LP; BLACK HORSE CAPITAL OFFSHORE LTD; PLAINFIELD SPECIAL SITUATIONS MASTER FUND LIMITED; PAUL K. VOIGT, <br><br> Plaintiffs - Appellees, <br><br>   v. <br><br> ARCHON CORPORATION, <br><br> Defendant - Appellant. | No. 11-15406 <br><br> D.C. No. 2:07-cv-01146-PMP-LRL <br><br><br> MEMORANDUM* |
| LEEWARD CAPITAL, L.P., <br><br> Plaintiff - Appellee, <br><br>   v. | No. 11-15482 <br><br> D.C. No. 2:08-cv-00007-PMP-LRL |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ARCHON CORPORATION,

Defendant - Appellant.

Appeals from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted September 12, 2012
San Francisco, California

Before:  ALARCÓN, GRABER, and BERZON, Circuit Judges.

We consolidated these appeals because they turn on a common issue—namely, the proper method for calculating accrued dividends on shares of preferred stock issued by Defendant, Archon Corporation.  Plaintiffs are investment groups that acquired Archon stock before it was redeemed in 2007.  They dispute Defendant's calculation of the redemption price of their shares, a substantial portion of which consists of accrued dividends.

We review de novo a district court's summary judgment ruling.  Ferguson ex rel. McLeod v. Coregis Ins. Co., 527 F.3d 930, 932 (9th Cir. 2008) (per curiam).  "[Q]uestions of state law are reviewable under the same independent de novo standard as are questions of federal law."  In re Complaint of McLinn, 739 F.2d 1395, 1397 (9th Cir. 1984) (en banc).  In this diversity case, we apply Nevada law.  See Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir. 2010).

2

The district court's calculation of the damages is correct as a matter of law. Section 7 is the applicable portion of the Certificate. It clearly provides for a cumulatively derived rate per share in arriving at the redemption price of the dividends for preferred stock. Section 2, even if it applied, is consistent with Section 7 and uses the same method of calculation.

The other contemporaneous documents all are consistent with this reading of the Certificate. Later interpretations do not make the Certificate ambiguous. Because the document is complete and unambiguous on its face, summary judgment is appropriate, and no further proceedings are called for. See Ringle v. Bruton, 86 P.3d 1032, 1037 (Nev. 2004).

We decline to decide whether the dividend calculation falls under the statutory definition of "interest" under Nevada Revised Statutes section 99.050. Even assuming that the statute does apply, it permits compound interest when the parties agree to it in writing. Cf. Campbell v. Lake Terrace, Inc., 905 P.2d 163, 165 (Nev. 1995) (per curiam) (noting that compound interest is allowed when an instrument specifically calls for it), overruled on other grounds by Aviation Ventures, Inc. v. Joan Morris, Inc., 110 P.3d 59, 65 (Nev. 2005). Here, the unambiguous text of the Certificate requires a cumulatively derived rate per share, as calculated by the district court.

AFFIRMED.