**130 Nev., Advance Opinion 3**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ERNESTO TORRES AND LEONOR TORRES, INDIVIDUALLY, AND ERNESTO TORRES, AS SPECIAL ADMINISTRATOR FOR ANDRES TORRES, DECEASED; ERNESTO TORRES FOR ARMANDO TORRES AND CRYSTAL TORRES, MINORS, REPRESENTED AS THEIR GUARDIAN AD LITEM; VICTORIA CAMPE, AS SPECIAL ADMINISTRATOR OF FRANK ENRIQUEZ, DECEASED; PATRICIA JAYNE MENDEZ, FOR JOSEPH ENRIQUEZ, JEREMY ENRIQUEZ, AND JAMIE ENRIQUEZ, MINORS, REPRESENTED AS THEIR GUARDIAN AD LITEM; AND MARIA ARRIAGA FOR KOJI ARRIAGA, REPRESENTED AS HIS GUARDIAN AD LITEM,
Appellants,
vs.
GOODYEAR TIRE & RUBBER COMPANY,
Respondent.

No. 60904

FILED

JAN 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a post-judgment order refusing to award compound post-judgment interest. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

*Affirmed.*

Cap & Kudler and Allen A. Cap, Las Vegas; Albert D. Massi, Ltd., and Albert D. Massi, Las Vegas,
for Appellants.

14-03117

Lewis Roca Rothgerber, LLP, and Daniel F. Polsenberg and Joel D. Henriod, Las Vegas,
for Respondent.

---

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, SAITTA, J.:

After obtaining a jury verdict awarding damages for personal injuries and multiple deaths caused by a single vehicle accident, members of the Torres and Enriquez families and Koji Arriaga (the appellants) sought compound post-judgment interest on the judgment. At issue here is whether the appellants are entitled to compound interest on the judgment awarded to them. We hold that they are not. "As a general rule, compound interest is not favored by the law and is generally allowed only in the presence of a statute or an agreement between the parties allowing for compound interest." *Campbell v. Lake Terrace, Inc.*, 111 Nev. 1329, 1333, 905 P.2d 163, 165 (1995), *overruled on other grounds by Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 115, 110 P.3d 59, 60-61 (2005). NRS 17.130(2), the statute that provides a default interest rate for judgments, directs that the interest rate will be adjusted biannually, although the statute does not authorize compound interest. Because it does not authorize compound interest, NRS 17.130(2) only allows for the award of simple interest on judgments.

## *FACTS AND PROCEDURAL HISTORY*

The underlying facts of this case were before this court in *Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. ___, 235 P.3d 592 (2010),

and *Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. ___, 245 P.3d 1182 (2010). The appellants, along with members of the Bahena family, were traveling in a rental vehicle whose tire separated while on a highway in Utah. As a result, the vehicle rolled over. Several people were killed and several others were severely injured.

The district court struck Goodyear's answer for failure to properly conduct discovery and entered a default liability judgment against Goodyear. After a jury verdict and post-trial motions on the issue of damages, the district court entered a judgment awarding damages to the appellants and the other plaintiffs. The parties then reached a settlement in which the appellants preserved their right to seek compound interest. Goodyear paid the settlement amount and simple interest to the appellants.

The appellants then filed a motion to recover compound interest on the judgment. The district court denied their motion because it concluded that NRS 17.130 only allowed simple interest. This appeal followed.

## DISCUSSION

The sole issue in this appeal is whether NRS 17.130, which provides a statutory right for interest on judgments, authorizes an award of compound interest. We review the award of interest upon a judgment for error. *Schiff v. Winchell*, 126 Nev. ___, ___, 237 P.3d 99, 100 (2010). Moreover, because the parties dispute the meaning of NRS 17.130, we use a de novo standard of review as we interpret the statute. *Kerala Props., Inc. v. Familian*, 122 Nev. 601, 604, 137 P.3d 1146, 1149 (2006).

"When interpreting a statute, we give words their plain meaning unless attributing the plain meaning would violate the spirit of the statute." *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 846, 102

P.3d 52, 68 (2004). If the statute is unambiguous, we are "not permitted to look beyond the statute itself when determining its meaning." *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007). A statute "is ambiguous when it is capable of more than one reasonable interpretation." *Orion Portfolio Servs. 2, L.L.C. v. Cnty. of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. ___, ___, 245 P.3d 527, 531 (2010).

Simple interest is "[i]nterest paid on the principal only and not on accumulated interest." *Black's Law Dictionary* 887 (9th ed. 2009). Compound interest is "[i]nterest paid on both the principal and the previously accumulated interest." *Id.* When not provided for by an agreement, compound interest on a judgment is only permissible if authorized by statute. *Campbell*, 111 Nev. at 1333, 905 P.2d at 165. Because there is no agreement that provides for compound interest on the appellants' judgment, NRS 17.130 must authorize compound interest for it to be applied to their judgment instead of simple interest.

NRS 17.130(2) dictates the method of determining the interest rate. It provides that the default interest rate on judgments shall be based on the prime rate at Nevada's largest bank and be adjusted biannually:

> When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. *The rate must be*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied.*

NRS 17.130(2) (emphasis added).

The parties disagree about the meaning of the last sentence in the statute: "The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied." NRS 17.130(2). They also dispute whether the term "per annum" is necessary to denote the use of simple interest.

The appellants argue that the term "adjusted accordingly" in the last sentence of NRS 17.130(2) means that every time the interest is adjusted, the judgment's principal must be adjusted to include the interest accrued during the prior six-month period. However, this interpretation takes the phrase "adjusted accordingly" out of context. Statutes must be interpreted as a whole, and the appellants fail to read the two sentences of the statute together. *See Arguello v. Sunset Station, Inc.*, 127 Nev. ___, ___, 252 P.3d 206, 209 (2011) (explaining that provisions of a statute must be read as a whole). As used in this statute, "adjusted accordingly" instructs the reader that the interest rate must be adjusted every six months to a rate that is two percent higher than the prime rate at Nevada's largest bank. The statute does not state that the amount of principal is to be adjusted, or that interest is to accrue on interest that has already been accumulated. Therefore, the phrase "adjusted accordingly" does not authorize compound interest.[1]

---

[1]Additionally, the use of a variable interest rate in a statute does not necessarily imply the use of compound interest. *See D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, 755 F. Supp. 2d 1122, 1128-29 (D. Nev. 2010) (applying a statutory interest rate that adjusts every six months to calculate an award of simple interest), *aff'd mem.*, 483 F. App'x 358 (9th
*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

The appellants also argue that the phrase "per annum" designates that the interest is to be simple. The failure to use this term in NRS 17.130(2), they argue, authorizes an award of compound interest. Cases from other jurisdictions demonstrate that "per annum" can designate the application of simple interest. *See, e.g., Am. Sav. Bank v. Michael*, 474 N.Y.S.2d 300, 303 (App. Div. 1984) ("[W]hen an interest rate is . . . expressed as a percent per annum, it should be understood as indicating a simple annual rate rather than one that is compounded."), *modified*, 477 N.E.2d 430 (N.Y. 1985). Although the use of the term "per annum" in a statute about interest rates may be sufficient to dictate the use of simple interest, it is not a necessary term for requiring the use of simple interest. *See Burlington N. R.R. Co. v. Whitt*, 611 So. 2d 219, 223 (Ala. 1992) (stating that using an annual interest rate has no bearing on whether the interest is simple or compound). Therefore, the failure to use this term in the statute does not prohibit the application of the statute's plain meaning which, in the absence of language authorizing compound interest, unambiguously authorizes the award of simple interest only.[2]

---

*. . . continued*

Cir. 2012); *see also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 626 (S.D.N.Y. 2010) (applying the federal underpayment rate found in the Internal Revenue Code but requiring the calculation of simple interest).

[2]We have also considered the parties' policy arguments. In light of the plain meaning of this unambiguous statute, we need not address these arguments. *See Westpark Owners' Ass'n*, 123 Nev. at 357, 167 P.3d at 427.

SUPREME COURT
OF
NEVADA

(O) 1947A

## CONCLUSION

Interest is simple unless otherwise stated in a contract or statute. Because NRS 17.130(2) does not provide for compound interest, interest awarded under this statute is simple. Thus, the district court did not err in denying the appellants' motion for compound interest. Therefore, we affirm the judgment of the district court.

_____, J.
Saitta

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

